## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**TROY A. MASON,**

                                     **CASE NO. 2:19-CV-4695**

      **Petitioner,**               **JUDGE EDMUND A. SARGUS, JR.**

                                     **MAGISTRATE JUDGE KIMBERLY A. JOLSON**

**WARDEN, NOBLE CORRECTIONAL
INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that the Petition be **DENIED** and this action be **DISMISSED**.

## I.      BACKGROUND

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 1} Defendant-Appellant Troy A. Mason appeals from his convictions, in the Muskingum County Court of Common Pleas, on thirty-three felony counts of tampering with records and/or forgery. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
>
> {¶ 2} Between July 2014 and December 2016, Appellant Mason was charged and convicted in eight misdemeanor cases filed in the Zanesville Municipal Court.
>
> Throughout the various arrest, processing, and prosecution stages of these misdemeanor cases, appellant pretended to be his brother, Robert Mason. Appellant accordingly signed certain complaints, jail records, affidavits, and guilty plea forms with Robert's name. Appellant later confessed to law enforcement officials that he had used his brother's name in this fashion.
>
> {¶ 3} On March 29, 2017, Appellant Mason was indicted by the Muskingum County Grand Jury on eight felony counts of tampering with records (R.C.

2913.42(A)(1) ) and twenty-five felony counts of forgery (R.C. 2913.31(A)(2) ). Appellant pled not guilty, and the matter proceeded to a jury trial on August 29, 2017. Prior to going forward, the State dismissed Count 30, one of the forgery counts.

{¶ 4} After hearing the evidence and arguments, the jury found appellant guilty of twenty-four counts of forgery and eight counts of tampering with records. On September 8, 2017, appellant filed a Crim.R. 29(C) motion for acquittal after the verdict, which the trial court denied via a judgment entry on September 11, 2017.

{¶ 5} At sentencing, the State and appellant stipulated to merger of offenses as follows:

Count 1 (tampering with records) was merged with Counts 2, 3, 4, 5, and 6 (all forgery).

Count 7 (tampering with records) was merged with Counts 8, 9, and 10 (all forgery).

Count 11 (tampering with records) was merged with Counts 12, 13, 14, and 15 (all forgery).

Count 16 (tampering with records) was merged with Counts 17, 18 and 19 (all forgery).

Count 20 (tampering with records) was merged with Counts 21, 22, 23, 24, and 25 (all forgery).

Count 26 (tampering with records) was merged with Counts 27 and 28 (both forgery).

Count 29 (tampering with records) was merged with Count 31 (forgery).

Count 32 (tampering with records) was merged with Count 33 (forgery).

{¶ 6} Although the State and appellant proposed a jointly recommended sentence of five years in prison, the trial court rejected same and ordered appellant on October 10, 2017 to serve eight consecutive eighteen-month terms, for an aggregate prison sentence of twelve years. A nunc pro tunc sentencing entry, correcting a scrivener's error, was issued on October 25, 2017.

{¶ 7} On November 9, 2017, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶ 8} "I. THE TRIAL COURT VIOLATED TROY MASON'S RIGHT TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT

2

EVIDENCE, IT OVERRULED HIS CRIM.R. 29(C) MOTION FOR ACQUITTAL ON COUNTS 1, 7, 11, 16, 20, 26, AND 32 OF THE INDICTMENT."FN1

FN1: We note appellant does not challenge the remaining count of tampering with records (Count 29) in the text of his assigned error.

*State v. Mason*, 118 N.E.2d 1057, 1058–59 (Ohio 2018). On August 17, 2018, the appellate court affirmed the trial court's judgment. *Id.* On August 6, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Mason*, 156 Ohio St.3d 1476 (Ohio 2019). Petitioner sought reconsideration, but the Ohio Supreme Court denied that request, too. *State v. Mason*, 157 Ohio St.3d 1430 (Ohio 2019). Meanwhile, on October 23, 2018, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), asserting the denial of the effective assistance of appellate counsel. (Doc. 10, PAGEID # 164). On January 14, 2019, the appellate court denied the Rule 26(B) application. (*Id.*, PAGEID # 211). On August 6, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Id.*, PAGEID # 266).

On October 22, 2019, Petitioner filed this pro se habeas corpus petition. He asserts that he was denied the effective assistance of appellate counsel (claim one); and denied due process because the jury convicted him on conduct broader than the charges set forth in the Indictment (claim two).

## II.     STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this case. The United States Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*,

559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, under AEDPA, the state court's factual findings are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)), *cert. denied sub nom. Coley v. Robinson*, 571 U.S. 992 (2013).  The United States Court of Appeals for the Sixth Circuit has summarized these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,] or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389. 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Id.* at 748–49. The burden of satisfying AEDPA's standards rests with the petitioner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.    DISCUSSION

Petitioner has brought two claims. Yet, as explained below, the analysis of the two claims overlaps.

### A.  Claim Two

In claim two, Petitioner asserts that he was denied fair notice of the charges, the trial court constructively amended the Indictment through issuance of jury instructions, and his convictions unconstitutionally differ from the charges set forth in the Indictment. The crux of this claim involves Petitioner's argument that the Indictment failed to properly charge him with eight counts of third-degree felony offenses of tampering with evidence. According to the Petitioner, the Indictment charged him only with misdemeanor offenses of tampering with evidence. Therefore, he contends, his convictions on these charges must fail. (*See Petition*, Doc. 1; *Traverse*, Doc. 12).

Petitioner appears to have waived this claim for review by failing to raise it on direct appeal. "It is well-settled that '[c]laims appearing on the face of the record must be raised on direct appeal, or they will be waived under Ohio's doctrine of res judicata.'" *Teitelbaum v.*

*Turner*, No. 2:17-cv-583, 2018 WL 2046456, at *15 (S.D. Ohio May 2, 2018) (citing *Hill v. Mitchell*, No. 1:98-CV-452, 2006 WL 2807017, at *43 (S.D. Ohio Sept. 27, 2006)).  Moreover, Petitioner does not appear to have raised all of the same arguments that he now does here, in his Rule 26(B) proceedings.  (*See* Doc 10, PAGEID # 164).

A petitioner procedurally defaults his claim by failing to present it to the state appellate court when provided the opportunity to do so.  *See Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003) (citing *Teague v. Lane*, 489 U.S. 288, 297–98 (1989)); *see also Jackson v. Wilson*, No. 1:06-cv-0059, 2007 WL 1683822, at *9 (N.D. Ohio June 8, 2007) (Petitioner procedurally defaulted claims of ineffective assistance of appellate counsel that he did not raise in Rule 26(B) proceedings).  But Respondent has waived that affirmative defense here.  *See Trest v. Cain*, 522 U.S. 87, 89 (1997) (noting that failure to raise procedural default normally constitutes waiver of the default); *Gray v. Netherland,* 518 U.S. 152, 166 (1996) (procedural default typically is an affirmative defense that will be waived if not raised).

The Court will, therefore, address the merits of claim two.  For the ease of discussion, claim two will be addressed in the context of Petitioner's claim of ineffective assistance of appellate counsel, as it was addressed by the state appellate court.  Regardless, and even under a de novo standard of review, this claim lacks record support and, as discussed below, does not provide Petitioner a basis for relief.

**B.  Claim One**

What Petitioner did raise before the state courts was an ineffective assistance of counsel claim.  "In all criminal prosecutions," the Sixth Amendment affords "the accused . . . the right . . . to Assistance of Counsel for his defence."  U.S. Const. amend. VI.  "Only a right to 'effective assistance of counsel' serves the guarantee."  *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011)

(citation omitted). The United States Supreme Court set forth the legal principles governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 556 (1984). *Strickland* requires a petitioner claiming the ineffective assistance of counsel to demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. *Id.* at 687; *Hale v. Davis*, 512 F. App'x 516, 520 (6th Cir.), *cert. denied sub. nom. Hale v. Hoffner*, 134 S. Ct. 680 (2013).

A petitioner "show[s] deficient performance by counsel by demonstrating 'that counsel's representation fell below an objective standard of reasonableness.'" *Poole v. MacLaren,* 547 F. App'x 749, 754 (6th Cir. 2013) (internal quotation marks omitted) (quoting *Davis v. Lafler*, 658 F.3d 525, 536 (6th Cir. 2011)). To make such a showing, a petitioner must overcome the "strong [ ] presum[ption]" that his counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 687. "To avoid the warping effects of hindsight, [courts must] 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Bigelow* v. *Haviland*, 576 F.3d 284, 287 (6th Cir. 2009) (quoting *Strickland,* 466 U.S. at 689).

> The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).… Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*. citing *Wilson*…. The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751–752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) ( "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751–52).

*Leonard v. Warden, Ohio State Penitentiary*, No. 1:09-cv-056, 2013 WL 831727, at *28 (S.D. Ohio March 6, 2013).  Factors to be considered in determining whether a defendant has been denied the effective assistance of appellate counsel include:

(1) Were the omitted issues "significant and obvious"?

(2) Was there arguably contrary authority on the omitted issues?

(3) Were the omitted issues clearly stronger than those presented?

(4) Were the omitted issues objected to at trial?

(5) Were the trial court's rulings subject to deference on appeal?

(6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

(7) What was appellate counsel's level of experience and expertise?

(8) Did the petitioner and appellate counsel meet and go over possible issues?

(9) Is there evidence that counsel reviewed all the facts?

(10) Were the omitted issues dealt with in other assignments of error?

(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427–28 (6th Cir. 1999) (citations omitted).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).  The Court observed that while "'[s]urmounting *Strickland's* high bar is never . . . easy.' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is even more difficult."  *Id*. (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).  The Court instructed that the standards created under *Strickland* and § 2254(d) are both "'highly deferential,' and when the two apply in tandem,

review is 'doubly' so." *Harrington*, 562 U.S. at 105 (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

The state appellate court rejected Petitioner's claims of ineffective assistance of appellate counsel in relevant part as follows:

Appellant herein asserts the following claimed errors were not properly presented in his direct appeal:

"I. [THE] TRIAL COURT ERRED BY SUBMITTING UNSWORN STATEMENTS BY CALLING THEM AFFIDAVITS WHEN STATEMENTS DOD [SIC] NOT MEET THE STATUTORY DEFINITIONS OF AN AFFIDAVIT.

"II. THE TRIAL COURT ERRED IN SENTENCING [SIC] APPELLANT TO A THIRD-DEGREE FELONY FOR THE OFFENSE OF TAMPERING WITH RECORDS WHERE THE CERDICT [SIC] FORM RETURNED BY THE JURY FAILED TO COMPLY WITH THE REQUIREMENTS [SIC] OF R.C. 2045.75 FOR ENHANCING THE DEGREE OF THE OFFENSE.

"III. [THE] INDICTMENT FAILS TO PROPERLY CHARGE A FELONY ANY/OR [SIC] ANY OFFENSE, THUS DEPRIVING [THE] TRIAL COURT OF SUBJECT MATTER JURISDICTION."

\*\*\*

App.R. 26(B)(5) directs that "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." In a motion to reopen under App.R. 26(B), an appellant must show that his counsel was deficient for failing to raise the issues the appellant presents, as well as showing that had counsel presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus an appellant bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal. *State v. Spivey* (1998), 84 Ohio St.3d 24, 25.

Our general standard of review for ineffective assistance is set forth in *Strickland v. Washington* (1984), 466 U.S. 668. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must

determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client.  If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the proceeding is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the proceeding would have been different.  Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675.

## I.

In his first proposed assignment of error, appellant contends his appellate counsel should have argued that the documents at issue in forgery count numbers 3, 15, and 23 were not shown to be proper affidavits.

Appellant was convicted of forgery on the aforesaid counts (3, 15, and 23) pursuant to R.C. 2913.31(A)(2), which states:

> No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * [f]orge any writing so that it purports to be genuine when it is actually spurious, or to be the act of another who did not authorize the act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed.

As set forth in the indictment, Counts 3, 15, and 23 involved appellant's forgery of affidavits of indigency that were apparently intended for use in proceedings in the Zanesville Municipal Court.  Appellant presently appears to allege that these affidavits were not properly sworn under R.C. 147.14, and as such his appellate counsel could have challenged the State's allegations that he forged these documents and/or the fee waiver forms related to each (as set forth in Counts 2, 14, and 24).

While appellant provides some general case law concerning affidavit requirements, he fails to support his claim of a cognizable potential defense to forgery under Ohio law.  We find no genuine issue as to whether appellant has a colorable claim of ineffective assistance of appellate counsel on this basis.

## II.

In his second proposed assigned error, appellant maintains his appellate counsel should have argued that the verdict forms for the records tampering counts failed to properly set forth enhanced offenses.

R.C. 2945.75(A)(2) states as follows:  "When the presence of one or more additional elements makes an offense one of more serious degree[,] ***[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present.  Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

In the case *sub judice*, the offenses of tampering with records (Counts 1, 7, 11, 16, 20, 26, 29, and 32 of the indictment) were felonies of the third degree pursuant to R.C. 2913.42(B)(4), *infra*.  The jury verdict forms from the trial court record, copies of which appellant has attached with his present motion, all show that the abbreviation "F/3" was utilized to indicate third-degree felonies.  Appellant provides no authority that such abbreviated designations would be inadequate as degrees of the offense under R.C. 2945.75(A)(2) and/or *Pelfrey*.

Accordingly, we find no genuine issue as to whether appellant has a colorable claim of ineffective assistance of appellate counsel on the proposed verdict form question.

### III.

In his third proposed assigned error, appellant urges that his appellate counsel should have argued that the indictment failed to properly charge the offenses for which he was convicted.

"The primary purpose of an indictment is to notify a defendant of the offense with which he is charged to enable his preparation for trial."  *State v. Fields*, 4th Dist. Scioto No. 06CA3080, 2007-Ohio-4191, ¶ 14, citing *State v. Lindway* (1936), 131 Ohio St. 166, 182, 5 O.O. 538, 2 N.E.2d 490.

In regard to the offenses of tampering with records in the case sub judice (Counts 1, 7, 11, 16, 20, 26, 29, and 32 of the indictment), the pertinent statute is R.C. 2913.42(A)(1), which states: "No person, knowing the person has no privilege to do so and with the purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * "[f]alsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record."

Appellant presently appears to propose that because the aforesaid indictment counts all utilized terminology regarding "falsify[ing]" only, and did not reiterate all of the remaining acts listed in R.C. 2913.42(A)(1), the indictment, as to these tampering with records counts, should have been considered defective.  We find no merit in such an argument.

In regard to the forgery counts in the indictment (Counts 2, 3, 4, 5, 6, 8, 9, 10, 12, 13, 14, 15, 17, 18, 19, 21, 22, 23, 24, 25, 27, 28, 31, and 33), which were all charged as fifth-degree felonies under R.C. 2913.31(A)(2), appellant appears to

argue that the indictment failed to properly allege that the forged documents in question were kept by or belonged to a governmental entity.  However, R.C. 2913.31(A)(2) merely addresses forgery of a "writing."  We find appellant is attempting to improperly bootstrap onto his forgery counts certain enhancement language from the records tampering statute, specifically R.C. 2913.42(B)(4) "[i]f the writing, data, computer software, or record is kept by or belongs to a local, state, or federal governmental entity, [the offense is] a felony of the third degree.")

We find no genuine issue as to whether appellant has a colorable claim of ineffective assistance of appellate counsel on the indictment issues herein presented.

(*Judgment Entry*, Doc. 10, PAGEID # 212–17).

As to Petitioner's argument that the Indictment failed to charge him with third degree felony offenses on the charges of tampering with evidence, the record shows that the Indictment included language indicating that Petitioner had knowingly, with purpose to defraud or knowing that he was facilitating a fraud, falsified records "being kept by or belonging to a local, state, or federal governmental entity, to-wit: the Zanesville Municipal Court and/or the Zanesville City Jail" in Counts 1, 7, 11, 16, 20, 26, 29, and 32.  (Doc. 10, PAGEID # 42–50).

O.R.C. § 2913.42   provides in relevant part:

(A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:

*** 

(2) Utter any writing or record, knowing it to have been tampered with as provided in division (A)(1) of this section.

(B)(1) Whoever violates this section is guilty of tampering with records.

(2) Except as provided in division (B)(4) of this section, if the offense does not involve data or computer software, tampering with records is whichever of the following is applicable:

12

(a) If division (B)(2)(b) of this section does not apply, a misdemeanor of the first degree;

(b) If the writing or record is a will unrevoked at the time of the offense, a felony of the fifth degree.

(3) Except as provided in division (B)(4) of this section, if the offense involves a violation of division (A) of this section involving data or computer software, tampering with records is whichever of the following is applicable:

(a) Except as otherwise provided in division (B)(3)(b), (c), or (d) of this section, a misdemeanor of the first degree;

(b) If the value of the data or computer software involved in the offense or the loss to the victim is one thousand dollars or more and is less than seven thousand five hundred dollars, a felony of the fifth degree;

(c) If the value of the data or computer software involved in the offense or the loss to the victim is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars, a felony of the fourth degree;

(d) If the value of the data or computer software involved in the offense or the loss to the victim is one hundred fifty thousand dollars or more or if the offense is committed for the purpose of devising or executing a scheme to defraud or to obtain property or services and the value of the property or services or the loss to the victim is seven thousand five hundred dollars or more, a felony of the third degree.

(4) If the writing. . . or record is kept by or belongs to a local, state, or federal governmental entity, a felony of the third degree.

O.R.C. § 2913.42.

Thus, the Indictment explicitly notified Petitioner that the charges involved third degree felony offenses under the provision of O.R.C. § 2913.42(B)(4) by tracking the language of the statute.   The Indictment also designated those charges as third-degree felony charges.  (Doc. 10, PAGEID # 51).   The trial court issued an Entry in connection with Petitioner's arraignment likewise indicating that the charges of tampering with records involved third degree felony offenses.  (Doc. 10, PAGEID # 52).

13

As to Petitioner's convictions on charges of forgery under the provision of O.R.C. § 2913.31(A)(2), as noted by the state appellate court, even had Petitioner been able to establish that the affidavits of indigency he falsely signed did not qualify as "affidavits" under Ohio law, this would not have assisted the defense. In short, and for the reasons discussed by the state appellate court, the record fails to reflect that any of Petitioner's underlying claims provided any potentially meritorious basis for relief. Therefore, Petitioner cannot establish the denial of the effective assistance of appellate counsel under the two-prong *Strickland* test.

## VI. DISPOSITION

Accordingly, it is **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:   July 14, 2020                                   /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE